16-1273-bk
*In re* Residential Capital, LLC

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11ᵗʰ day of October, two thousand seventeen.

PRESENT:   ROBERT D. SACK,
           REENA RAGGI,
           SUSAN L. CARNEY,
                *Circuit Judges.*

---

IN RE RESIDENTIAL CAPITAL, LLC,

        *Debtor*,

---

FRANCINE SILVER,

        *Appellant*,

    v.                                          No.16-1273-bk

RESCAP BORROWER CLAIMS TRUST,

        *Appellee*.

---

FOR APPELLANT:          Francine Silver, *pro se*, Los Angeles, California.

FOR APPELLEE:           Norman S. Rosenbaum, Jordan A. Wishnew, Jessica J. Arett, Morrison & Foerster LLP, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Alison J. Nathan, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on March 22, 2016, is AFFIRMED.

Francine Silver, proceeding *pro se*, appeals from the affirmance of decisions of the United States Bankruptcy Court for the Southern District of New York (1) disallowing the claim she lodged with ResCap Borrower Claims Trust (the "Trust") for wrongful foreclosure and unjust enrichment by Debtor, and (2) denying her unopposed motion for immediate payment of that claim. In addition to challenging the bankruptcy court's decisions on the merits, Silver questions the impartiality of both the bankruptcy and district court judges. In reviewing these claims here, we assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.    Merits Challenge to District Court Decision

We conduct a plenary review of the merits of a decision by a district court functioning as an intermediate appellate court in a bankruptcy case, assessing legal conclusions *de novo* and factual findings for clear error. *See In re N. New England Tel. Operations LLC*, 795 F.3d 343, 346 (2d Cir. 2015). On such review, we conclude, substantially for the reasons stated by the district court in its well-reasoned March 22, 2016 Memorandum and Order, that the bankruptcy court properly denied Silver's claims, and

that the bankruptcy judge was impartial.

2.     District Judge's Impartiality

For the first time on appeal, Silver questions the district judge's impartiality. Although we have the discretion to reach such an argument, we will generally decline to do so where the argument was available to the party below and she proffers no reason for her failure to raise it there. *See Mhany Mgmt., Inc. v. Cty. of Nassau*, 819 F.3d 581, 615 (2d Cir. 2016); *Greene v. United States*, 13 F.3d 577, 586 (2d Cir. 1994) ("[I]t is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal."). Silver maintains that her failure is explained by her discovery of the facts on which she bases her partiality claim only after the district court ruled against her. But these facts were a matter of public record and, thus, were available to Silver well before the challenged ruling. In these circumstances, we decline to exercise our discretion to address the partiality claim on appeal.

Even if we were to do so, however, Silver's arguments would fail on the merits, as there is no basis in the facts she asserts to conclude that the district judge's "impartiality might reasonably be questioned" by an objective observer. *See SEC v. Razmilovic*, 738 F.3d 14, 29 (2d Cir. 2013) (quoting 28 U.S.C. § 455(a)).

We have considered Silver's remaining arguments and conclude that they are without merit. Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

3